Rafey S. Balabanian*
rbalabanian@edelson.com
Eve-Lynn J. Rapp*
erapp@edelson.com
EDELSON PC
123 Townsend Street
San Francisco, California 94107
Tel: 415.212.9300
Fax: 415.373.9435

Benjamin S. Thomassen*
bthomassen@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Admitted *pro hac vice*.

Counsel for Plaintiff and the Putative Class

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christian Schrecker, et al., individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>Radlink, Inc., a California Corporation<br><br>*Defendant*. | Case No. 16-cv-03511-PHX-DJH<br><br>Hon. Diane J. Humetewa<br><br>**CHAD GOUGH'S DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DEPOSITION TESTIMONY AND SEARCH OF DEFENDANT'S SERVERS** |

Doc ID: 00be178aaa65b252648399513d2efa38b0fb91ff

Pursuant to 28 U.S.C. § 1746, I hereby declare and state as follows:

1.     My name is Chad Gough. I am an adult over the age of 18 and a resident of the State of Illinois. I have personal knowledge of each of the matters stated herein, and if called upon to testify I could and would testify competently about them.

2.     I am a founding partner of 4Discovery, a digital forensics firm located in Chicago, Illinois.

3.     I have over 14 years of experience in computer forensic and electronic discovery matters and have worked on over 700 matters involving disputes over digital evidence and electronic data.

4.     My professional expertise rests on a foundation of a Bachelor of Science degree in Management Science and Information Systems. I obtained this degree from Pennsylvania State University in 1998.

5.     I am a Certified Information Systems Security Professional (CISSP). This certification applies to the following areas: access control systems and methodologies, computer operations security, cryptography, application and systems development, business continuity and disaster recovery planning, telecommunications and network security, security architecture and models, physical security, and security management practices. I am also an EnCase Certified Examiner (EnCE).

6.     In addition to computer forensics and electronic discovery work at 4Discovery, I have six years of information security experience at a Fortune 500 company, where I personally conducted or led over 200 forensic cases.

7.     I teach numerous courses in the Computer Security and Forensic Investigation Program at DePaul University. The courses focused on internet vulnerabilities, criminal activity, and investigative procedures. I conduct quarterly continuing legal education (CLE) presentations on various topics. Additionally, I have presented to several organizations (including the Chicago Chapter of the American Bar Association and the Illinois Paralegal Association) on computer forensics and electronic discovery strategies and techniques.

1

8.     As a forensic investigation professional, I have testified as an expert witness on cases including trade secret thefts, corporate espionage, fraud/embezzlement, insider trading, software piracy, and employee misconduct.

9.     On October 12, I learned that Defendant Radlink, Inc. selected my firm as Plaintiffs' expert to conduct a review of Defendant's servers in connection with this matter.

10.    At that time, I was also provided with and read Plaintiffs' first amended complaint, (dkt. 35), and the declaration of Mike Kunkel, which Defendant had previously filed with the Court, (dkt. 21-3). I then had several conversations with Plaintiffs' counsel to better understand the scope of the inspection and the state of Defendant's servers.

11.    I told Plaintiffs' counsel that the standard forensic investigatory method for this type of inspection calls for any search or review to be done on forensic images rather than the physical servers. Any use or inspection of the underlying evidence (i.e., the physical servers, as Defendant has stated it would produce here) would result in a change in the state of the servers in many ways and could result in the spoliation of evidence.

12.    From my reading of the Kunkel declaration, I understood that Mr. Kunkel had already created forensic images of the servers and conducted his own analysis on those forensic images in accordance with industry standard procedures. I asked Plaintiff's counsel to request that copies of the forensic images be made so that I could conduct my analysis without fear of erasing evidence.

13.    At my firm, 4Discovery, we routinely create, copy, and examine forensic images. Such processes are the foundation of any forensic firm. Given what I knew about Defendant's servers, I estimated that it may take days of computer-time to make a copy, but that the amount of human time needed would be minimal. I estimate that it would have taken fewer than 6 hours at a cost of $2,400 to make a copy of the already-existing forensic images.

14.    I understand that Plaintiff's counsel requested that Setec make a copy of the

Doc ID: 00be178aaa65b252648399513d2efa38b0fb91ff

forensic images at Plaintiff's cost but that Defendant did not agree. Instead, Defendant suggested that I make a copy during my inspection and then conduct further review of that copy. Such a plan would have been untenable because it would have required me to stay in Los Angeles for up to a week and wait at Defendant's attorney's office until my portable computer completed making the necessary copy (forensic lab computers are more numerous, many times faster, and are better suited for this task than any computer I could feasibly bring to Defendant's attorneys' office). I would have had to bill Plaintiff's counsel for all of my time waiting, which would have exceeded $30,000.

15.    In addition, I learned that contrary to my reading of his declaration, Mr. Kunkel did not perform his analysis and changes to the forensic images of the servers. Instead, Plaintiff's counsel informed me that Mr. Kunkel performed all analysis and changes to the physical servers I was to inspect. If true, this is problematic because, as explained above, Mr. Kunkel's work likely would have altered the physical servers in a way that would have erased or overwritten evidence of a breach or third-party access. Indeed, if Mr. Kunkel performed the work as stated in his declaration, the physical server(s) likely no longer contains any evidence of the malware alleged in Plaintiff's complaint.

16.    As such, the scope of what I would need to accomplish at a single review session has grown. Without any chain of custody records or specific information regarding what was done and when (including, for instance, who at Radlink made changes identified in the Mr. Kunkel declaration and when), I would need to (i) create forensic images of all servers and hard drives, (ii) compare the forensic state of the images and establish which version(s) present the condition the server(s) were in at the time the complaint was filed, and, then, (iii) conduct the search for Plaintiffs' information and determine whether there had been third-party access to Defendant's systems and likelihood that medical data was breached.

Doc ID: 00be178aaa65b252648399513d2efa38b0fb91ff

1    Executed on this 27th day of October, 2017, at Chicago, Illinois.

2

3

4    _____

5                              Chad Gough

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Doc ID: 00be178aaa65b252648399513d2efa38b0fb91ff

**CERTIFICATE OF SERVICE**

I, Benjamin S. Thomassen, an attorney, hereby certify that on October 27, 2017, I served the above and foregoing to by causing a true and accurate copy of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

/s/ Benjamin S. Thomassen